1  MATTHEW J. RUGGLES, Bar No. 173052
   JORJA E. JACKSON, Bar No. 226707
2  LITTLER MENDELSON
   A Professional Corporation
3  2520 Venture Oaks Way, Suite 390
   Sacramento, CA  95833.4227
4  Telephone:    916.830.7200

5  Attorneys for Defendant
   MERCHANTS CARPET (erroneously sued herein
6  as "Merchants Carpet & Interiors") AND THOMAS
   FIREK
7

8                  UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10 | KEITH JOHNSON,                        | Case No.
11 |              Plaintiff,               | **NOTICE OF REMOVAL OF CIVIL
12 |        v.                             | ACTION UNDER 28 U.S.C. SECTION 1441(b)**
13 | MERCHANTS CARPET & INTERIORS,         | [FEDERAL QUESTION]
   | a California corporation; THOMAS
14 | FIREK, an individual; BENJAMIN
   | HAMMOND, an individual; ULTIMATE
15 | STAFFING SERVICES, a California
   | partnership; and DOES 1-10,
16 |
17 |              Defendants.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

FIRMWIDE:81736933.1 050314.1003

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. ¶ 1441(B)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT DEFENDANTS MERCHANTS CARPET AND THOMAS FIREK remove to this Court the state court action described herein.  Defendants remove the captioned action from the Superior Court of the State of California in and for the County of Sacramento pursuant to 28 U.S.C. section 1441(b) on the basis of federal question jurisdiction.

## JURISDICTION

1.      This Court has original jurisdiction over this civil action under 28 U.S.C. section 1331 and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(b) in that Plaintiff Keith Johnson alleges a claim for race discrimination under Title VII of the Civil Rights Act of 1964.

2.      On October 4, 2006, an action was commenced against Defendants in the Superior Court of the State of California in and for the County of Sacramento, entitled *Keith Johnson, Plaintiff vs. Merchants Carpet & Interiors, Thomas Firek, Benjamin Hammond, Ultimate Staffing Services, and Does 1-10, Defendants*, Case No. 06AS04233.  A true and correct copy of the Summons and the Complaint is attached hereto as Exhibit A.

3.      The first date Defendants Merchants Carpet and Thomas Firek received a copy of the Complaint was November 29, 2006, when Defendants were served with a copy of the Summons and Complaint.  A true and correct copy of the Proof of Service of Summons form showing the date of service on Defendants is attached hereto as Exhibit B.

4.      Defendant Benjamin Hammond is no longer an employee of Defendant Merchants Carpet.  As of the date of this Notice of Removal, Defendants Merchants Carpet and Thomas Firek are informed and believe, and on that basis state, that individual defendant Benjamin Hammond has not yet been served with a copy of the Summons and Complaint.

5.      Defendants are informed and believe and on that basis state that Defendant "Ultimate Staffing Services" is not a legal entity that is capable of being sued in the State of California because there is no business entity with that name registered with the California Secretary of State.  Because federal jurisdiction cannot be predicated on the citizenship of a party which lacks the capacity to be sued, Ultimate Staffing Services is not a properly named defendant and therefore

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916.830.7200

1   has no stake in the removal of this action. *See Strotek Corp. v. Air Transport Association of*

2   *America,* 300 F.3d 1129, 1133-1134 (9th Cir. 2002)(federal jurisdiction cannot be predicated on the

3   citizenship of a party which lacks the capacity to be sued; motion to remand denied).

4        6.    Defendants Merchants Carpet and Thomas Firek filed an Answer to the

5   Complaint in the Superior Court of the State of California in and for the County of Sacramento on

6   December 28, 2006. A true and correct copy of Defendants' Answer is attached as Exhibit C.

7        7.    This Notice of Removal of Action is filed within thirty days after Defendants

8   Merchants Carpet and Thomas Firek received a copy of the Summons and Complaint as well as

9   notice of the claims being made therein.

10       8.    Venue is proper in this Court in that this is the Court for the district and

11  division embracing the place where the action is pending in state court. 28 U.S.C. section 1441(a).

12  **FEDERAL QUESTION**

13       9.    This Court has original jurisdiction over this civil action under 28 U.S.C.

14  section 1331 and this action is one that may be removed to this Court pursuant to the provisions of

15  28 U.S.C. section 1441(b) because Plaintiff's Complaint alleges a claim for discrimination in

16  violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e. Because Plaintiff

17  seeks affirmative relief pursuant to this federal statute, Plaintiff's Complaint presents a federal

18  question conferring removal jurisdiction to this Court.

19       10.    Plaintiff specifically alleges throughout the Complaint that Defendants

20  violated Title VII by committing unlawful discrimination on the basis of Plaintiff's race. For

21  instance, paragraph 16 of the Complaint alleges *inter alia* that "Plaintiff is informed and believes and

22  thereon alleges that severe or pervasive use of racial epithets violates FEHA and Title VII. . . . and

23  racially derogatory slurs directed toward Plaintiff . . . violate the California FEHA and Title VII and

24  are not protected by the First Amendment, and is unlawful, discriminatory conduct." Additionally,

25  paragraph 27 of the Complaint alleges "Defendants' discriminatory conduct was in violation of

26  Plaintiffs' rights under both Title VII and California FEHA, as the severe and pervasive harassment

27  was created by Defendants and allowed to continue without any censure or action to remedy the

28  harassment." Furthermore, paragraph 38 of the Complaint alleges that Defendants "are in violation

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833-4227
916 830 7200

FIRMWIDE:81736933.1 050314.1003    2.

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. ¶ 1441(B)

1    of Plaintiff's rights stemming from the race-based harassment received at work pursuant to Title VII

2    and California FEHA, California Government Code section 12940 et seq., including, but not limited

3    to, California Government Code section 12940(j)(1)."

4          WHEREFORE, Defendants Merchants Carpet and Thomas Firek pray that the above

5    action now pending against them in the Superior Court of the State of California in and for the

6    County of Sacramento be removed therefrom to this Court.

7    Dated: December 28, 2006

8

9                                  /s/Matthew J. Ruggles
                                   MATTHEW J. RUGGLES
10                                 LITTLER MENDELSON
                                   A Professional Corporation
11                                 Attorneys for Defendant
                                   MERCHANTS CARPET AND THOMAS
12                                 FIREK

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833-4227
916.830.7200

FIRMWIDE:81736933.1 050314.1003                3.

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. ¶ 1441(B)

1

**PROOF OF SERVICE BY MAIL**

2   I am employed in Sacramento County, California. I am over the age of eighteen

3 years and not a party to the within-entitled action. My business address is 2520 Venture Oaks Way,

4 Suite 390, Sacramento, California 95833.4227. I am readily familiar with this firm's practice for

5 collection and processing of correspondence for mailing with the United States Postal Service. On

6 December 28, 2006, I placed with this firm at the above address for deposit with the United States

7 Postal Service a true and correct copy of the within document(s):

8    **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C.**
     **SECTION 1441(b)**

9

10   in a sealed envelope, postage fully paid, addressed as follows:

11  Ignacio Hernandez, Esq.
  Law Offices of Ignacio Hernandez

12  428 J Street, Suite 400
  Sacramento, CA 95814

13   Following ordinary business practices, the envelope was sealed and placed for

14 collection and mailing on this date, and would, in the ordinary course of business, be deposited with

15 the United States Postal Service on this date.

16   I declare that I am employed in the office of a member of the bar of this court at

17 whose direction the service was made.

18   Executed on December 28, 2006, at Sacramento, California.

19

20

21            _____
               Nene Sablan

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

PROOF OF SERVICE

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MERCHANTS CARPET & INTERIORS, a California corporation;
THOMAS FIREK, an individual; BENJAMIN HAMMOND, an
individual; ULTIMATE STAFFING SERVICES, a California
partnership; and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KEITH JOHNSON

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Sacramento<br>720 Ninth Street, Room 102<br>Sacramento, CA 95814 | CASE NUMBER:<br>*(Número del Caso):*    **06AS04233** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ignacio Hernandez, SBN 224417          916-447-9719
Law Offices of Ignacio Hernandez, 428 J Street, Suite 400, Sacramento, CA 95814

| DATE:  OCT 1 7 2006 | Clerk, by | L. GUTIERREZ | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Merchants Carpet and Ultimate Staffing Services

    under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
             ☑ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
             ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** |

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com

LAW OFFICES OF IGNACIO HERNANDEZ
Ignacio Hernandez, SBN 224417
428 J Street, Suite 400
Sacramento, CA 95814
(916) 447-9719
(916) 447-5195 fx.

Attorney for Plaintiff
KEITH JOHNSON

FILED
ENDORSED

OCT - 4 2006

T. CALAUSTRO
By_____
Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## IN AND FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| KEITH JOHNSON, | Case No.: 06AS04233 |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR:** |
| vs. | 1. **Race Discrimination** |
| MERCHANTS CARPET & INTERIORS, a | 2. **Race-Based Harassment** |
| California corporation; THOMAS FIREK, an | 3. **Intentional Infliction of Emotional Distress** |
| individual; BENJAMIN HAMMOND, an | 4. **Unlawful Termination – Constructive Termination** |
| individual; ULTIMATE STAFFING | |
| SERVICES, a California partnership; and | **Unlimited Jurisdiction** |
| DOES 1-10, | **Demand Exceeds $25,000** |
| Defendants | |

COMES NOW, Plaintiff KEITH JOHNSON (hereinafter "Plaintiff"), and alleges against

the Defendants, MERCHANTS CARPET & INTERIORS, a California corporation; THOMAS

FIREK, an individual; BENJAMIN HAMMOND, an individual; ULTIMATE STAFFING

SERVICES, a California partnership; and DOES 1-10 (hereinafter "Defendants") as follows:

1

Complaint for Damages

## PRELIMINARY ALLEGATIONS

1.    Plaintiff KEITH JOHNSON is an individual residing in Santa Clara County, California. Plaintiff resides at 2213 Poplar Drive, San Jose, California 95122.

2.    Plaintiff is informed and believes and thereon alleges that the Defendant MERCHANTS CARPET & INTERIORS is a corporation residing in Sacramento County, California. Plaintiff is informed and believes and thereon alleges that the Defendant MERCHANTS CARPET & INTERIORS has its principal place of business at 8521 Younger Creek Drive, Sacramento, California 95828.

3.    Plaintiff is informed and believes and thereon alleges that the Defendant THOMAS FIREK is an individual residing in Sacramento County, California. Plaintiff is informed and believes and thereon alleges that the Defendant THOMAS FIREK is the owner of MERCHANTS CARPET & INTERIORS and conducts his business at 8521 Younger Creek Drive, Sacramento, California 95828.

4.    Plaintiff is informed and believes and thereon alleges that the Defendant BENJAMIN HAMMOND is an individual residing in Sacramento County, California. Plaintiff is informed and believes and thereon alleges that the Defendant BENJAMIN HAMMOND is the warehouse supervisor at MERCHANTS CARPET & INTERIORS and conducts his business at 8521 Younger Creek Drive, Sacramento, California 95828.

4.    Plaintiff is informed and believes and thereon alleges that the Defendant ULTIMATE STAFFING SERVICES is a partnership with one of its offices residing in Sacramento County, California. Plaintiff is informed and believes and thereon alleges that the

2

Complaint for Damages

Defendant ULTIMATE STAFFING SERVICES conducts its business at 12150 Tributary Point Drive, Gold River, CA 95670.

5.    Plaintiff is, and was at all times material hereto, an employee covered by California Government Code Section 12926 et seq., prohibiting discrimination, and harassment.

6.    Defendants are, and were at all times material hereto, "employers" or "persons" within the meaning of California Government Code Sections 12926 and 12940 and, as such, are barred from discrimination, and harassment.

7.    Plaintiff was at all times material hereto an employee of Defendant MERCHANTS CARPET & INTERIORS from April, 2005 through June 24, 2005 through the temporary placement agency ULTIMATE STAFFING SERVICES. Plaintiff was employed as a warehouse laborer moving residential carpets at MERCHANTS CARPET & INTERIORS at Sacramento, California, County of Sacramento.

8.    Plaintiff is informed and believes and thereon alleges that Defendants THOMAS FIREK is the owner of MERCHANTS CARPET & INTERIORS at Sacramento, California, County of Sacramento.

9.    Plaintiff was at all times material hereto a placement client of Defendant ULTIMATE STAFFING SERVICES throughout the year 2005. Plaintiff was required to communicate and report to the placement officers of ULTIMATE STAFFING SERVICES at Gold River, California, County of Sacramento. Plaintiff was required to communicate and report to the placement officers regarding his employment with MERCHANTS CARPET & INTERIORS and any incidents in relation to this employment during the period of April, 2005 through June 24, 2005.

Complaint for Damages

(Unknown Defendants)

10.    Plaintiff is informed and believes and thereon alleges that DOES 1 through 10 are associated with the named Defendants, have acted in concert with them, or have acted under Defendants' direction in the manner hereinafter set forth.  Plaintiff is currently unaware of the true identities of DOES 1 through 10.  Plaintiff will amend this Complaint to state the names of DOES 1 through 10 as soon as their true identities and capacities are ascertained.

11.    Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is liable to Plaintiff for the acts, events, and occurrences alleged herein as a result of said Defendants' relationship to the named Defendants or participation in said acts, events and occurrences, or approval or ratification thereof.  Plaintiff is further informed and believes and thereon alleges that DOES 1 through 10 are, and at all times herein mentioned were, "employers" or "persons" within the meaning of California Government Code Sections 12926 and 12940 and, as such, barred from discrimination and harassment in employment.

12.    Plaintiff is informed and believes and thereon alleges that DOES 1 through 10 may be individuals or corporations residing or doing business in the State of California. MERCHANTS CARPET & INTERIORS, a California corporation; THOMAS FIREK, an individual; BENJAMIN HAMMOND, an individual; ULTIMATE STAFFING SERVICES, a California partnership; and DOES 1 through 10 shall be referenced herein as "Defendants."

**GENERAL ALLEGATIONS**

13.    Plaintiff is informed and believes and thereon alleges that supervisor Defendant BENJAMIN "SKIP" HAMMOND (hereinafter "Defendant HAMMOND") repeatedly directed the severely derogatory racial slurs of "Buckwheat," "nigger," "colored," and "monkey" towards

4

Complaint for Damages

1   Plaintiff on an almost daily basis, multiple times a day, for the duration of Plaintiff's

2   employment with MERCHANTS CARPET & INTERIORS.  At the time Defendant

3   HAMMOND directed these comments to Plaintiff, Defendant HAMMOND was the warehouse

4   supervisor for Defendants MERCHANTS CARPET & INTERIORS and THOMAS FIREK.  At

5   the time of the incidents, Plaintiff was a warehouse employee at MERCHANTS CARPET &

6   INTERIORS.  Plaintiff complained about these racial insults to Defendant HAMMOND, stating

7   that they were racially discriminatory and that these comments made Plaintiff uncomfortable.

8   Over Plaintiff's objections, supervisor Defendant HAMMOND continued to use these racial

9   epithets towards Plaintiff on a regular basis.  Plaintiff then reported these racially discriminatory

10  incidents to the owner of the company, Defendant THOMAS FIREK, but no action was taken.

11  Defendant FIREK instead told Plaintiff to disregard the comments, as it was the "norm" in a

12  warehouse work environment and that Defendant would not be taking any remedial action.

13  Defendant FIREK told Plaintiff to dismiss the incidents and keep working if he wished to keep

14  his employment.  In addition, Plaintiff reported these racially discriminatory incidents to the

15  placement officers at ULTIMATE STAFFING SERVICES, but not action was taken.  On the

16  contrary, the placement officers at ULTIMATE STAFFING SERVICES insisted that Plaintiff

17  dismiss the incidents and return to work at MERCHANTS CARPET & INTERIORS

18  immediately.  Defendants MERCHANTS CARPET & INTERIORS, THOMAS FIREK and

19  ULTIMATE STAFFING SERVICES took no action to remedy or prohibit supervisor Defendant

20  HAMMOND's severely derogatory and racially degrading behavior against Plaintiff.  Thus,

21  Plaintiff is informed and believes and thereon alleges that MERCHANTS CARPET &

22  INTERIORS, THOMAS FIREK, BENJAMIN HAMMOND and ULTIMATE STAFFING

23

24

25

SERVICES condoned this discriminatory behavior by not prohibiting the conduct from occurring at the workplace, in violation of federal and California law.

14.    Plaintiff is informed and believes and thereon alleges that Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") makes it unlawful for an employer to discriminate on the basis of race, color, religion, sex, or national origin. (42 U.S.C. Section 2000e-2(a)(1).) The federal courts have regularly recognized that an employee may have a cause of action under Title VII for racial discrimination when the employer creates a hostile work environment charged with ethnic or racial insults and ridicule. (*Rogers v. Equal Employment Opportunity Com'n* (5th Cir. 1971) 454 F.2d 234, 238; see also *Firefighters Institute, etc. v. City of St. Louis* (8th Cir. 1977) 549 F.2d 506, 514-515; *Gray v. Greyhound Lines, East* (D.C. Cir. 1976) 545 F.2d 169, 176 [178 App.D.C. 91].) However, not all racially harassing workplace conduct is sufficient to state a claim of racial discrimination under Title VII. For a proper claim to be actionable, the racial harassment must be "sufficiently severe and pervasive" to alter the conditions of the victim's employment and create a hostile and abusive working environment. (*Meritor Savings Bank v. Vinson*, (1986) 477 U.S. 57, 67, quoting from *Rogers v. Equal Employment Opportunity Com'n, supra*, 454 F.2d at 238; see also *Daniels v. Essex Group, Inc.* (7th Cir. 1991) 937 F.2d 1264.) The United State Supreme Court stated in *Harris v. Forklift Systems, Inc.* (1993) 510 U.S. 17, that the "severe or pervasive" standard is not a mathematically precise test, but has several factors to consider: "[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an

1    employee's work performance." *Id.* at 22-23. Thus, the "severe or pervasive" standard is the

2    determining test in the present case for a claim to be actionable under Title VII.

3        15.    Plaintiff is informed and believes and thereon alleges that the California Fair

4    Employment and Housing Act (hereinafter "FEHA"), California Government Code Section

5    12940 et seq., differs from Title VII in that California FEHA explicitly prohibits an employer

6    from harassing an employee on the basis of race, sex, or other specific grounds.  Harassment

7    includes "[v]erbal harassment, e.g., epithets, derogatory comments or slurs…" (California Code

8    of Regulations, title 2, section 7287.6, subdivision (b)(1)(A).)  However, notwithstanding the

9    difference in the statutory language, California courts have interpreted FEHA according to the

10   federal court decisions interpreting Title VII. (*Heard v. Lockheed Missiles & Space Co.* (1996)

11   44 Cal.App.4th 1735, 1747; *Greene v. Pomona Unified School Dist.* (1995) 32 Cal.App.4th

12   1216, 1221, fn. 6; *Carr v. Barnaby's Hotel Corp.* (1994) 23 Cal.App.4th 14, 18; *Fisher v. San

13   Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590, 606.)  Accordingly, the California courts

14   have applied the federal threshold standard to claims of harassment in the workplace and have

15   held that FEHA is violated when the harassment was " ' "sufficiently severe or pervasive to alter

16   the conditions of the victim's employment." ' " (*Beyda v. City of Los Angeles* (1998) 65

17   Cal.App.4th 511, 517; *Kelly-Zurian v. Wohl Show Co.* (1994) 22 Cal.App.4th 397, 409; *Fisher v.

18   San Pedro Peninsula Hospital, supra*, 214 Cal.App.3d at 609.)  Thus, under California FEHA,

19   the "severe or pervasive" standard is also the determining test for a harassment claim to be

20   actionable.

21       16.    Plaintiff is informed and believes and thereon alleges that severe or pervasive use

22   of racial epithets violates FEHA and Title VII.  In *Aguilar v. Avis Rent a Car System, Inc.* (1999)

23   21 Cal.4th 121, the California Supreme Court stated that severe or pervasive use of racial

7

epithets that has been judicially determined to violate the California FEHA, is not protected by the First Amendment, and such unlawful conduct properly may be enjoined. The California Court of Appeals has found that "even a single incident of severe harassment may be sufficient" to create a hostile work environment and constitute a violation of California law. (*Etter v. Veriflo Corp.* (1998) 67 Cal.App.4th 457) Representative of the severity of a single racial incident, the N-word is "pure anathema to African Americans. 'Perhaps no single act can more quickly alter the conditions of employment and create an abusive working environment than the use of an unambiguously racial epithet such as "nigger" by a supervisor in the presence of his subordinates.'" (*Spriggs v. Diamond Auto Glass*, (2001) 242 F.3d 179, citation omitted.) Therefore, Plaintiff is informed and believes and thereon alleges that the severe and pervasive racially derogatory slurs directed toward Plaintiff by Defendant HAMMOND in this present case – "Buckwheat," "nigger," "colored," and "monkey" – do violate the California FEHA and Title VII and are not protected by the First Amendment, and is unlawful, discriminatory conduct. Plaintiff was subjected to this abuse on an almost daily basis, multiple times a day, in front of other employees/co-workers, for the entire duration of Plaintiff's employment at MERCHANTS CARPET & INTERIORS.

17.    Plaintiff is informed and believes and thereon alleges that the Defendants' conduct as herein alleged was despicable and was intended by the Defendants to cause injury to the Plaintiff, carried on by Defendants in willful and conscious disregard of the constitutional and civil rights of the Plaintiff.

18.    Plaintiff is informed and believes and thereon alleges that the Defendants' conduct was despicable and subjected Plaintiff to cruel and unjust hardship in willful and conscious disregard of the constitutional and civil rights of the Plaintiff.

Complaint for Damages

19.    Plaintiff is informed and believes and thereon alleges that the acts of the Defendants constituted discrimination, harassment and unlawful termination.

20.    Plaintiff is informed and believes and thereon alleges that the acts and conduct alleged herein took place in Sacramento County, California.

21.    On the basis of Defendants' discrimination and harassment toward Plaintiff as alleged herein in this Complaint, Plaintiff is entitled to exemplary, compensatory and punitive damages.

## FIRST CAUSE OF ACTION

(Race Discrimination)

22.    Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 21 above, and by this reference incorporates them herein as though fully set forth at length.

23.    Plaintiff is informed and believes and thereon alleges that Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") makes it unlawful for an employer to discriminate on the basis of race, color, religion, sex, or national origin.  (42 U.S.C. Section 2000e-2(a)(1).) For a proper claim to be actionable, the racial harassment must be "sufficiently severe and pervasive" to alter the conditions of the victim's employment and create a hostile and abusive working environment. (*Meritor Savings Bank v. Vinson*, (1986) 477 U.S. 57, 67, quoting from *Rogers v. Equal Employment Opportunity Com'n, supra*, 454 F.2d at 238.)

24.    Plaintiff is informed and believes and thereon alleges that the California Fair Employment and Housing Act (FEHA), California Government Code Section 12940 et seq., explicitly prohibits an employer from harassing an employee on the basis of race, sex, or other specific grounds.  The California courts have applied the federal threshold standard to claims of

harassment in the workplace and have held that FEHA is violated when the harassment was " ' "sufficiently severe or pervasive to alter the conditions of the victim's employment." ' " (*Beyda v. City of Los Angeles* (1998) 65 Cal.App.4th 511, 517; *Kelly-Zurian v. Wohl Show Co.* (1994) 22 Cal.App.4th 397, 409; *Fisher v. San Pedro Peninsula Hospital, supra*, 214 Cal.App.3d at 609.) Thus, under California FEHA, the "severe or pervasive" standard is also the determining test for a harassment claim to be actionable.

25.    Plaintiff is informed and believes and thereon alleges that he was deliberately discriminated against by Defendants when Defendant MERCHANTS CARPET & INTERIORS's supervisor, Defendant HAMMOND, expressly made severely pervasive, derogatory racial comments against Plaintiff, who is African American.  Plaintiff's intimidation and ridicule spawned from supervisor Defendant HAMMOND's racially charged comments. Defendant HAMMOND's comments included the words: "Buckwheat," "nigger," "colored," and "monkey."  All these slurs and comments were repeatedly directed at Plaintiff and were meant to be derogatory, demeaning and racially insulting.  Plaintiff was subjected to this abuse on an almost daily basis, multiple times a day, in front of other employees/co-workers, for the entire duration of Plaintiff's employment at MERCHANTS CARPET & INTERIORS.  These comments were expressly stated by supervisor Defendant HAMMOND in a repeated and severely pervasive manner and were not sporadic or occasional.

26.    Plaintiff is informed and believes and thereon alleges that the foregoing conduct did, in fact, cause Plaintiff to suffer extreme and severe emotional distress.  As a proximate result of said conduct, Plaintiff suffered embarrassment, anxiety, shock, anger, rage, grief, dismay, shame, indignity, humiliation, and other mental and emotional distress, and will continue to

10

Complaint for Damages

1   suffer said injuries and emotional distress in an amount in excess of the minimum jurisdiction of

2   this Court.

3          27.    Plaintiff is informed and believes and thereon alleges that he was deliberately

4   discriminated against by Defendants because of his race.  This discrimination was evidenced by

5   the fact that Defendants made derogatory racial comments to Plaintiff on an almost daily basis.

6   These comments became so pervasive and insulting that Plaintiff could no longer work at

7   Defendant MERCHANTS CARPET & INTERIORS because these comments caused severe

8   emotional distress and harm.  Defendants discriminated against Plaintiff with respect to the

9   terms, conditions or privileges of his employment because of his race and color.  Defendants'

10  discriminatory conduct was in violation of Plaintiff's rights under both Title VII and California

11  FEHA, as the severe and pervasive harassment was created by Defendants and allowed to

12  continue without any censure or action to remedy the harassment.

13

14         28.    Plaintiff is informed and believes and thereon alleges that he was deliberately

15  discriminated against by Defendants because of his race and color.  Defendant THOMAS

16  FIREK, having full knowledge of supervisor Defendant HAMMOND's conduct with respect to

17  the derogatory comments, failed to take immediate and appropriate action to remedy the

18  situation.  Defendant THOMAS FIREK was well aware of the pervasiveness of supervisor

19  Defendant HAMMOND's derogatory comments and epithets to Plaintiff.  Defendant THOMAS

20  FIREK consciously disregarded this racial harassment at his workplace and in effect allowed

21  such hostile work environment to exist at his business workplace.  Defendant THOMAS

22  FIREK's discriminatory conduct was in violation of Plaintiff's rights under Title VII and

23  California FEHA, including, but not limited to, California Government Code Section 12940(k),

24  as the severe and pervasive harassment was created by Defendants and allowed to continue

25

Complaint for Damages

without any censure or action to remedy the harassment. Section 12940(k) makes it unlawful "for an employer… to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

29.     Plaintiff is informed and believes and thereon alleges that he was discriminated against by Defendant ULTIMATE STAFFING SERVICES because of his race and color. Defendant ULTIMATE STAFFING SERVICES, after having been informed of the hostile work environment at MERCHANTS CARPET & INTERIORS due to Defendant HAMMOND's racial epithets, insisted that Plaintiff dismiss the repeated and pervasive discriminatory harassment and return to work at MERCHANTS CARPET & INTERIORS despite such incidents, as such "joking" conduct was part of the business environment. Such conduct by ULTIMATE STAFFING SERVICES constitutes racial discrimination in violation of Title VII and California FEHA, as the severe and pervasive harassment was created by Defendants and allowed to continue without any censure or action to remedy the harassment.

## SECOND CAUSE OF ACTION

(Race-Based Harassment)

30.     Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 29 above, and by this reference incorporates them herein as though fully set forth at length.

31.     Plaintiff is informed and believes and thereon alleges that Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") makes it unlawful for an employer to discriminate on the basis of race, color, religion, sex, or national origin. (42 U.S.C. Section 2000e-2(a)(1).) For a proper claim to be actionable, the racial harassment must be "sufficiently severe and pervasive" to alter the conditions of the victim's employment and create a hostile and abusive

12

Complaint for Damages

working environment. (*Meritor Savings Bank v. Vinson*, (1986) 477 U.S. 57, 67, quoting from

*Rogers v. Equal Employment Opportunity Com'n, supra*, 454 F.2d at 238.)

32.    Plaintiff is informed and believes and thereon alleges that the California Fair

Employment and Housing Act (FEHA), California Government Code Section 12940 et seq.,

including, but not limited to, California Government Code Section 12940(j)(1), explicitly

prohibits an employer from harassing an employee on the basis of race, sex, or other specific

grounds.  The California courts have applied the federal threshold standard to claims of

harassment in the workplace and have held that FEHA is violated when the harassment was " '

"sufficiently severe or pervasive to alter the conditions of the victim's employment." ' " (*Beyda*

*v. City of Los Angeles* (1998) 65 Cal.App.4th 511, 517; *Kelly-Zurian v. Wohl Show Co.* (1994)

22 Cal.App.4th 397, 409; *Fisher v. San Pedro Peninsula Hospital, supra*, 214 Cal.App.3d at

609.)  Thus, under California FEHA, the "severe or pervasive" standard is also the determining

test for a harassment claim to be actionable.

33.    Plaintiff is informed and believes and thereon alleges that Defendant

MERCHANTS CARPET & INTERIORS's supervisor, Defendant HAMMOND, directed

epithets, derogatory comments and slurs towards Plaintiff, causing intimidation and ridicule to

Plaintiff and creating a hostile work environment in which Plaintiff could no longer function.

The harassment was so severe and pervasive that the Plaintiff had to quit his work in order to

remove himself from such hostile and abusive environment.  Supervisor Defendant

HAMMOND's comments included the words: "Buckwheat," "nigger," "colored," and

"monkey."  All these slurs and comments were directed at Plaintiff and meant to be derogatory,

demeaning and racially insulting.  Plaintiff was subjected to this abuse on an almost daily basis,

multiple times a day, in front of other employees/co-workers, for the entire duration of Plaintiff's

13

employment at MERCHANTS CARPET & INTERIORS.  They were expressly stated by

supervisor Defendant HAMMOND in a repeated and pervasive manner, making the work

environment emotionally draining and increasingly abusive.

34.    Plaintiff is informed and believes and thereon alleges that the foregoing conduct

did, in fact, cause Plaintiff to suffer extreme and severe emotional distress.  As a proximate result

of said conduct, Plaintiff suffered embarrassment, anxiety, shock, anger, rage, grief, dismay,

shame, indignity, humiliation, and other mental and emotional distress, and will continue to

suffer said injuries and emotional distress in an amount in excess of the minimum jurisdiction of

this Court.

35.    Plaintiff is informed and believes and thereon alleges that Defendant THOMAS

FIREK had full knowledge of such race-based harassment in the workplace from supervisor

Defendant HAMMOND against Plaintiff and yet Defendant THOMAS FIREK failed to take

immediate and appropriate action to stop such harassment.  Defendant THOMAS FIREK failed

to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

36.    Plaintiff is informed and believes and thereon alleges that Defendant THOMAS

FIREK went so far as to allege that such racial epithets are just part of the business environment,

condoning supervisor Defendant HAMMOND's conduct against the Plaintiff.

37.    Plaintiff is informed and believes and thereon alleges that Defendant ULTIMATE

STAFFING SERVICES had full knowledge of the hostile work environment at MERCHANTS

CARPET & INTERIORS and yet tried to persuade the Plaintiff to return to that work

environment and dismiss the repeated incidents from supervisor Defendant HAMMOND's or the

indifference of Defendant THOMAS FIREK as to the discrimination and harassment.  This

conduct by ULTIMATE STAFFING SERVICES constitutes race-based harassment because

14

ULTIMATE STAFFING SERVICES, instead of taking immediate and appropriate action to prevent such harassing conduct, failed to stop the discriminatory and harassing conduct and actually insisted that the Plaintiff return to work under the same conditions.

38.    Plaintiff is informed and believes and thereon alleges that Defendants MERCHANTS CARPET & INTERIORS, THOMAS FIREK, BENJAMIN HAMMOND and ULTIMATE STAFFING SERVICES are in violation of Plaintiff's rights stemming from the race-based harassment received at work pursuant to Title VII and California FEHA, California Government Code Section 12940 et seq., including, but not limited to, California Government Code Section 12940(j)(1).  Section 12940(j)1) specifically states that harassment of an employee shall be unlawful if the employer "knows or should have known of this conduct and fails to take immediate and appropriate corrective action."

## THIRD CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

39.    Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 38 above, and by this reference incorporates them herein as though fully set forth at length.

40.    Plaintiff is informed and believes and thereon alleges that a cause of action for intentional infliction of emotional distress requires a duty of due care by the defendant towards the plaintiff; a breach of defendant's duty towards the plaintiff; defendant's conduct was intentional and malicious with the intent to cause humiliation, mental anguish and emotional distress; as a proximate result of defendant's conduct, plaintiff in fact suffered humiliation, mental anguish and emotional distress.

41.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, owed Plaintiff a duty to exercise due care in refraining from subjecting Plaintiff to racial discrimination in the workplace. Defendant HAMMOND owed a duty to Plaintiff to not discriminate against Plaintiff as to his race, color, or national origin and from subjecting him to a hostile, abusive and intolerable work environment. As Plaintiff's employers (MERCHANTS CARPET & INTERIORS and THOMAS FIREK) and placement agency (ULTIMATE STAFFING SERVICES), Defendants owed a duty to Plaintiff to protect him from racial discrimination and from being subject to a hostile, abusive and intolerable work environment.

42.     Plaintiff is informed and believes and thereon alleges that Defendant HAMMOND breached this duty to Plaintiff by making such severely derogatory comments and racial slurs in the workplace and directing them specifically to Plaintiff on account of this race and color. The creation of such severe and pervasive harassment in the workplace was breach of Defendant HAMMOND's duty to Plaintiff.

43.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, breached this duty to Plaintiff by allowing such discrimination to occur in the workplace and by choosing to ignore such pervasive abuse by supervisor Defendant HAMMOND. The creation of such severe and pervasive harassment in the workplace and the inaction by Defendants to remedy such harassment was a breach of Defendants' duty to Plaintiff.

44.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, acting on their own or through their agents and employees, engaged in the acts heretofore described, which were discriminatory in nature, deliberately and intentionally in order to cause Plaintiff severe mental and emotional distress. In the alternative, Plaintiff alleges that such conduct was carried out in reckless disregard of the probability of said conduct causing Plaintiff

16

severe emotional distress. Defendants' conduct arose from supervisor Defendant HAMMOND's racially charged comments and Defendants MERCHANTS CARPET AND INTERIORS's and THOMAS FIREK's acquiescence of such comments. Defendant HAMMOND's comments included the words: "Buckwheat," "nigger," "colored," and "monkey." All these slurs and comments were repeatedly directed at Plaintiff and were meant to be severely derogatory, demeaning and racially insulting. Plaintiff was subjected to this abuse on an almost daily basis, multiple times a day, in front of other employees/co-workers, for the entire duration of Plaintiff's employment at MERCHANTS CARPET & INTERIORS.

45.    Plaintiff is informed and believes and thereon alleges that the foregoing conduct did, in fact, cause Plaintiff to suffer extreme and severe emotional distress. As a proximate result of said conduct, Plaintiff suffered embarrassment, anxiety, shock, anger, rage, grief, dismay, shame, indignity, humiliation, and other mental and emotional distress, and will continue to suffer said injuries and emotional distress in an amount in excess of the minimum jurisdiction of this Court.

46.    Plaintiff is informed and believes and thereon alleges that all the named Defendants, and each of them, intentionally inflicted emotional distress upon the Plaintiff when the Defendants intentionally allowed the racial discrimination and race-based harassment by the MERCHANTS CARPET & INTERIORS's supervisor, Defendant HAMMOND, to continue in the workplace, instead directing the Plaintiff to continue working and take the comments "with a thicker skin."

47.    Plaintiff is informed and believes and thereon alleges that Defendant MERCHANTS CARPET & INTERIORS intentionally acted to cause severe emotional distress upon the Plaintiff by creating a hostile and intolerable working environment and acting as if

17

nothing had happened; that this conduct was the "norm" in the labor workforce. Plaintiff was led to believe that this discriminatory conduct was not going to be remedied and Plaintiff would have to endure this type of hostile and abusive working environment as long as he worked at MERCHANTS CARPET & INTERIORS.

48.     Plaintiff is informed and believes and thereon alleges that Defendant THOMAS FIREK intentionally acted to cause severe emotional distress upon the Plaintiff by having full knowledge of the racial discrimination and race-based harassment at his company and failing to take reasonable steps necessary to prevent such discrimination and harassment. Plaintiff was reasonably led to believe that this sort of conduct was not going to be remedied by Defendant THOMAS FIREK, the owner of the company. Plaintiff was reasonably led to believe that he would have to endure this type of hostile working environment as long as he worked for THOMAS FIREK.

49.     Plaintiff is informed and believes and thereon alleges that Defendant BENJAMIN HAMMOND intentionally acted to cause severe emotional distress upon the Plaintiff by making and directing discriminatory comments and race-based harassment at the workplace. Defendant HAMMOND intentionally directed these derogatory slurs and racially severe statements to Plaintiff with the intent to cause severe emotional harm. Plaintiff was reasonably led to believe that this sort of conduct was going to continue as long as Plaintiff worked at MERCHANTS CARPET & INTERIORS.

50.     Plaintiff is informed and believes and thereon alleges that Defendant ULTIMATE STAFFING SERVICES intentionally acted to cause severe emotional distress by attempting to diminish Plaintiff's reports that racial discrimination and race-based harassment was occurring at MERCHANTS CARPET & INTERIORS and instead persisting that Plaintiff continue to work at

MERCHANTS CARPET & INTERIORS and for THOMAS FIREK and to not make an issue out of the incidents.

51.    Plaintiff is informed and believes and thereon alleges that Defendant ULTIMATE STAFFING SERVICES intentionally acted to cause severe emotional distress by trying to persuade Plaintiff to return to work at MERCHANTS CARPET & INTERIORS after Plaintiff had repeatedly complained about the discriminatory and harassing environment at work.  The ULTIMATE STAFFING SERVICES agent in charge of Plaintiff's work assignment told Plaintiff that he should return to work as such "joking and teasing" conduct was part of the business environment.

**FOURTH CAUSE OF ACTION**

(Unlawful Termination – Constructive Termination)

52.    Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 51 above, and by this reference incorporates them herein as though fully set forth at length.

53.    Plaintiff is informed and believes and thereon alleges that a cause of action for unlawful constructive termination requires that the plaintiff show 1) that the working environment was so unusually adverse, hostile and intolerable that a reasonable employee in the plaintiff's position would have felt compelled to resign, and 2) the employer either intended to force such resignation or had actual knowledge of the intolerable working conditions.  (*Cloud v. Casey* (1999) 76 Cal.App.4th 895, review denied; *Gibson v. Aro Corp.* (1995) 32 Ca.App.4th 1628, rehearing denied, review denied; *Velente-Hook v. Eastern Plumas Health Care*, E.D.Cal.2005, 368 F.Supp.2d 1084.)

19

54.     Plaintiff is informed and believes and thereon alleges that Defendant
MERCHANTS CARPET & INTERIORS unlawfully terminated his employment due to the
constructive termination of employment as a result of the hostile and intolerable work
environment Plaintiff was subjected to while at work.  Plaintiff could not longer take the
repeated derogatory racial comments by the MERCHANTS CARPET & INTERIORS's
supervisor Defendant HAMMOND and THOMAS FIREK's lack of remedial action to prevent
such discriminatory conduct from continuing at the jobsite.  The racial and derogatory comments
at work, which included the words "Buckwheat," "nigger," "colored," and "monkey," became so
pervasive and insultingly intolerable that the Plaintiff could no longer work at MERCHANTS
CARPET & INTERIORS.  Plaintiff was subjected to this abuse on an almost daily basis,
multiple times a day, in front of other employees/co-workers, for the entire duration of Plaintiff's
employment at MERCHANTS CARPET & INTERIORS.  Plaintiff is informed and believes and
thereon alleges that a reasonable employee in Plaintiff's position would have felt compelled to
resign rather than endure pervasive and intolerable racial discrimination in the workplace.

55.     Plaintiff is informed and believes and thereon alleges that the foregoing conduct
did, in fact, cause Plaintiff to suffer extreme and severe emotional distress.  As a proximate result
of said conduct, Plaintiff suffered embarrassment, anxiety, shock, anger, rage, grief, dismay,
shame, indignity, humiliation, and other mental and emotional distress, and will continue to
suffer said injuries and emotional distress in an amount in excess of the minimum jurisdiction of
this Court.

56.     Plaintiff is informed and believes and thereon alleges that Defendant THOMAS
FIREK unlawfully terminated his employment due to the constructive termination of
employment as a result of THOMAS FIREK's knowledge of the intolerable conditions and

Complaint for Damages

failure to take immediate and appropriate action to prevent the discrimination and harassment at the workplace.  Plaintiff is informed and believes and thereon alleges that Defendant THOMAS FIREK was present at a number of the incidents where supervisor Defendant HAMMOND directed his racially derogatory comments to Plaintiff and simply laughed at the insults, choosing to stand there and do nothing.  Defendant THOMAS FIREK had actual knowledge of the intolerable conditions Plaintiff was subject to throughout Plaintiff's employment with Defendant THOMAS FIREK.  Plaintiff could no longer work at MERCHANTS CARPET & INTERIORS and endure such blatant derogatory comments against his person due to his race and color.

57.     Plaintiff is informed and believes and thereon alleges that Defendants MERCHANTS CARPET & INTERIORS and THOMAS FIREK unlawfully terminated his employment as a result of the racial discrimination and race-based harassment the Plaintiff was being subjected to at the workplace by the MERCHANTS CARPET & INTERIORS supervisor, Defendant BENJAMIN "SKIP" HAMMOND.

//
//
//
//
//
//
//
//
//
//

21

Complaint for Damages

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff KEITH JOHNSON prays for judgment against Defendants, and each of them, as follows:

1.     For compensatory damages including lost wages, lost employee benefits, bonuses, vacation benefits, mental and emotional distress, and other special and general damages according to proof;

2.     For loss of past, present, and future income, and for loss of earning capacity, according to proof;

3.     For an award of interest, including prejudgment interest, at the legal rate;

4.     For the costs of suit herein incurred;

5.     For attorney's fees as a prevailing party in this action according to proof, including attorney's fees pursuant to CCP §1021.5;

6.     For punitive damages according to proof;

7.     And for such other and further relief as the Court may deem just and proper.

DATED: October 4, 2006           LAW OFFICES OF IGNACIO HERNANDEZ

                                By: _____
                                   Ignacio Hernandez
                                   Attorney for Plaintiff
                                   KEITH JOHNSON

22

# EXHIBIT B

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ignacio Hernandez, SBN 224417<br>Law Offices of Ignacio Hernandez<br>428 J Street, Suite 400<br>Sacramento, CA 95814<br>TELEPHONE NO.: 916-447-9719    FAX NO. *(Optional):* 916-447-5195<br>E–MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Keith Johnson, Plaintiff | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Sacramento
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Downtown Courthouse

| PLAINTIFF/PETITIONER: Keith Johnson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Merchants Carpet & Interiors, et al. | 06AS04233 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Program Case Notice

3. a. Party served *(specify name of party as shown on documents served):*
      Merchants Carpet & Interiors

   b. Person served: [ ] party in item 3a  [✓] other *(specify name and relationship to the party named in item 3a):*
      Linda Hitton, payroll manager

4. Address where the party was served: 8521 Younger Creek Drive
   Sacramento, CA 95828

5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11/29/06 (2) at *(time):* 10:05 am
   b. [✓] **by substituted service.** On *(date):* 11/29/06 at *(time):* 10:05 am I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
      Linda Hitton, payroll manager

      (1) [✓] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* _____ from *(city):* _____ or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. July 1, 2004] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|
| | | American LegalNet, Inc.<br>www.USCourtForms.com |

| PLAINTIFF/PETITIONER: Keith Johnson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Merchants Carpet & Interiors, et al. | 06AS04233 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                      (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    a. ☑ as an individual defendant.
    b. ☐ as the person sued under the fictitious name of *(specify):*
    c. ☐ as occupant.
    d. ☑ On behalf of *(specify):* Merchants Carpet & Interiors
        under the following Code of Civil Procedure section:

        ☑ 416.10 (corporation)                ☐ 415.95 (business organization, form unknown)
        ☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)
        ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
        ☑ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
        ☐ 416.50 (public entity)              ☐ 415.46 (occupant)
                                           ☐ other:

7. **Person who served papers**
    a. Name: Leilani Aguinaldo Yee
    b. Address: 428 J Street, Suite 400, Sacramento, CA 95814
    c. Telephone number: 916-447-9719
    d. **The fee** for service was: $ 0.00
    e. I am:

        (1) ☑ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☐ registered California process server:
            (i) ☐ owner ☐ employee ☐ independent contractor.
            (ii) Registration No.:
            (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: 11/29/06

Leilani Aguinaldo Yee          ▶                        
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          (SIGNATURE )

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ignacio Hernandez, SBN 224417<br>Law Offices of Ignacio Hernandez<br>428 J Street, Suite 400<br>Sacramento, CA 95814<br>TELEPHONE NO.: 916-447-9719    FAX NO. *(Optional):* 916-447-5195<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Keith Johnson, Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Downtown Courthouse

| PLAINTIFF/PETITIONER: Keith Johnson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Merchants Carpet & Interiors, et al. | 06AS04233 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Program Case Notice

3. a. Party served *(specify name of party as shown on documents served):*
   Thomas Firek

   b. Person served: ☐ party in item 3a  ☑ other *(specify name and relationship to the party named in item 3a):*
   Linda Hitton payroll manager

4. Address where the party was served: 8521 Younger Creek Drive
   Sacramento, CA 95828

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11/29/06       (2) at *(time):* 10:05am
   b. ☑ **by substituted service.** On *(date):* 11/29/06 at *(time):* 10:05am left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
   Linda Hitton, payroll manager

   (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* _____ from *(city):* _____ or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Keith Johnson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Merchants Carpet & Interiors, et al. | 06AS04233 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                         (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☑ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify)*:

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify)*: Merchants Carpet & Interiors

    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

    ☑ 416.40 (association or partnership)    ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)

                                ☐ other:

7. **Person who served papers**

  a. Name: Leilani Aguinaldo Yee

  b. Address: 428 J Street, Suite 400, Sacramento, CA 95814

  c. Telephone number: 916-447-9719

  d. **The fee** for service was: $ 0.00

  e. I am:

    (1) ☑ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ registered California process server:

      (i) ☐ owner  ☐ employee  ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 11/29/06

_____
Leilani Aguinaldo Yee
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

# EXHIBIT C

FILED
ENDORSED

2006 DEC 28  AM 11:49

LEGAL PROCESS #2

1  MATTHEW J. RUGGLES, Bar No. 173052
   JORJA E. JACKSON, Bar No. 226707
2  LITTLER MENDELSON
   A Professional Corporation
3  2520 Venture Oaks Way, Suite 390
   Sacramento, CA  95833.4227
4  Telephone:    916.830.7200

5  Attorneys for Defendants
   MERCHANTS CARPET (erroneously sued as
6  "MERCHANTS CARPET & INTERIORS") and
   THOMAS FIREK

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SACRAMENTO

10  KEITH JOHNSON,                          Case No.  06AS04233

11              Plaintiff,                   **ANSWER TO COMPLAINT BY**
                                            **DEFENDANTS MERCHANTS CARPET**
12       v.                                  **AND THOMAS FIREK**

13  MERCHANTS CARPET & INTERIORS,
    a California Corporation; THOMAS
14  FIREK, an individual; BENJAMIN
    HAMMOND, an individual; ULTIMATE
15  STAFFING SERVICES, a California
    partnership; and DOES 1-10,
16
                Defendants.
17

18

19       COMES NOW Defendants Merchants Carpet and Thomas Firek, (sometimes referred

20  to herein as "Defendants") and hereby answers Plaintiff Keith Johnson's unverified Complaint

21  pursuant to section 431.30(b) of the California Code of Civil Procedure as follows:

                              **GENERAL DENIAL**
22
         Defendants deny each and every, all and singular, of the allegations contained in
23
    Plaintiff's Complaint, conjunctively and disjunctively, and further denies that Plaintiff has sustained
24
    any damages at all, and further generally and specifically denies that Plaintiff is entitled to any relief
25
    whatsoever.
26

27

28

LITTLER MENDELSON
Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento  CA  95833 4227
916 830 7200

Firmwide:81808709.1 050314.1003

ANSWER TO COMPLAINT BY DEFENDANTS MERCHANTS CARPET & THOMAS FIREK

1

2

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendants have any burden of proof, Defendants asserts the following affirmative defenses:

1.    FOR AND AS A FIRST, SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action or to set forth a claim upon which relief can be granted.

2.    FOR AND AS A SECOND, SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that, at all times, all actions taken with regard to Plaintiff, if any actions were taken with regard to Plaintiff, were just, fair, honest, in good faith, privileged, without discrimination or retaliation, based upon legitimate business reasons and based upon all relevant facts and circumstances known by Defendants at the time of action.

3.    FOR AND AS A THIRD, SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff failed to perform his employment obligations in conformity with applicable custom and practices, directions, training policies, and statutory duties, including but not limited to those duties imposed pursuant to California Labor Code sections 2854, 2856, 2857, 2858 and 2859.

4.    FOR AND AS A FOURTH, SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff has failed to mitigate his damages.

5.    FOR AND AS A FIFTH, SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff, by his actions, is estopped from bringing any and all claims for relief against Defendants.

6.    FOR AND AS A SIXTH, SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff has waived any and all claims against Defendants.

7.    FOR AND AS A SEVENTH, SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff's claims are barred by laches and/or unclean hands.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
7520 Ventura Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

Firmwide:81808709.1 050314.1003                                2.

ANSWER TO COMPLAINT BY DEFENDANTS MERCHANTS CARPET & THOMAS FIREK

1    8.    FOR AND AS AN EIGHTH, SEPARATE AFFIRMATIVE DEFENSE,

2    Defendants allege that to the extent Plaintiff has made any claim for special damages, Plaintiff has

3    failed to state such claim with the requisite specificity.

4    9.    FOR AND AS A NINTH, SEPARATE AFFIRMATIVE DEFENSE,

5    Defendants allege that the Complaint is uncertain.

6    10.    FOR AND AS A TENTH, SEPARATE AFFIRMATIVE DEFENSE,

7    Defendants allege that Plaintiff's claims are preempted by the California Workers' Compensation

8    Act, California Labor Code sections 3200 et seq. and 3600 et seq.

9    11.    FOR AND AS AN ELEVENTH, SEPARATE AFFIRMATIVE DEFENSE,

10    Defendants allege that Plaintiff's employment relationship with Defendants was severable at the will

11    of either Plaintiff or Defendants pursuant to California Labor Code section 2922.

12    12.    FOR AND AS A TWELFTH, SEPARATE AFFIRMATIVE DEFENSE,

13    Defendants allege that all or portions of Plaintiff's claims are barred by the applicable statutes of

14    limitations, to wit, California Government Code sections 12960, 12965 and California Code of Civil

15    Procedure sections 339(1) and 340(3).

16    13.    FOR AND AS A THIRTEENTH, SEPARATE AFFIRMATIVE DEFENSE,

17    Defendants allege that all actions taken against the Plaintiff would have been taken in any event

18    based on after-acquired evidence and that the Complaint is either entirely barred or damages should

19    be reduced accordingly.

20    14.    FOR AND AS A FOURTEENTH, SEPARATE AFFIRMATIVE DEFENSE,

21    Defendants allege that Defendants exercised reasonable care to prevent and correct promptly any

22    discriminatory, harassing or retaliatory behavior.

23    15.    FOR AND AS A FIFTEENTH, SEPARATE AFFIRMATIVE DEFENSE,

24    Defendants allege that Plaintiff unreasonably failed to take advantage of any preventative or

25    corrective opportunities provided by Defendants or to avoid harm otherwise as barred by the

26    doctrine of avoidable consequences.

27

28

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

Firmwide:81808709.1 050314.1003                3.

ANSWER TO COMPLAINT BY DEFENDANTS MERCHANTS CARPET & THOMAS FIREK

1    16.    FOR AND AS A SIXTEENTH, SEPARATE AFFIRMATIVE DEFENSE,

2    Defendants allege that, assuming, *arguendo*, Plaintiff's race was a factor in Defendant's employment

3    .decision, the same decision would have been made even if Plaintiff's alleged race was not

4    considered.

5    17.    FOR    AND    AS    A    SEVENTEENTH,    SEPARATE    AFFIRMATIVE

6    DEFENSE, Defendants allege that Plaintiff failed to timely exhaust his contractual, arbitral and

7    administrative remedies.

8    18.    FOR    AND    AS    AN    EIGHTEENTH,    SEPARATE    AFFIRMATIVE

9    DEFENSE, Defendants allege that its alleged actions are protected by the doctrine of managerial

10    immunity.

11    19.    FOR AND AS A NINETEENTH, SEPARATE AFFIRMATIVE DEFENSE,

12    Defendants allege that Plaintiff is precluded from recovering punitive damages from Defendant,

13    either in whole or in part, under the applicable provisions of California Civil Code section 3294, or

14    such other statutes of similar effect that may be applicable.

15    20.    FOR AND AS A TWENTIETH, SEPARATE AFFIRMATIVE DEFENSE,

16    Defendants allege that they did not act with malice, oppression or fraud nor did they engage in any

17    despicable acts that would warrant the imposition of punitive damages.  Thus, Plaintiff's Complaint

18    fails to state facts sufficient to support a claim for punitive damages.

19    21.    FOR    AND    AS    A    TWENTY-FIRST,    SEPARATE    AFFIRMATIVE

20    DEFENSE, Defendants allege that any requirement that permits the imposition of punitive or

21    exemplary damages which are in effect criminal penalties, upon proof of a standard less than a

22    standard "beyond a reasonable doubt," or which denies to Defendants the right given to Defendants

23    in criminal proceedings, violates Defendants' rights under the First, Fifth, Sixth, Eighth and

24    Fourteenth Amendments of the United States Constitution and under the Constitution of the State of

25    California.

26    22.    FOR    AND    AS    A    TWENTY-SECOND,    SEPARATE    AFFIRMATIVE

27    DEFENSE, Defendants allege that if Plaintiff suffered any emotional distress, his emotional distress

28    was proximately caused by factors other than Plaintiff's employment, the action of Defendants, or

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833-4227
916 830 7200

Firmwide:81808709.1 050314.1003                    4.

ANSWER TO COMPLAINT BY DEFENDANTS MERCHANTS CARPET & THOMAS FIREK

1    anyone acting on Defendants' behalf.

2         23.    FOR   AND   AS   A   TWENTY-THIRD,   SEPARATE   AFFIRMATIVE

3    DEFENSE, Defendants allege that if Plaintiff suffered any emotional distress, Plaintiff contributed

4    to his own distress and, by reason of his contribution, and any remedy to which he might otherwise

5    be entitled must be denied or reduced accordingly.

6         24.    FOR   AND   AS   A   TWENTY-FOURTH,   SEPARATE   AFFIRMATIVE

7    DEFENSE, Defendants allege that any harm or damage allegedly suffered by Plaintiff was caused

8    by his own intentional and/or negligent acts and/or omissions.

9         25.    FOR   AND   AS   A   TWENTY-FIFTH,   SEPARATE   AFFIRMATIVE

10   DEFENSE, Defendants allege that any claim for employee benefits or employment benefits is

11   completely preempted by the Employment Retirement Income Security Act of 1974, 29 U.S.C.

12   section 1001, et seq.

13        26.    FOR   AND   AS   A   TWENTY-SIXTH,   SEPARATE   AFFIRMATIVE

14   DEFENSE, Defendants allege that Plaintiff Keith Johnson was never an employee of Defendant

15   Merchants Carpet.

16

17        WHEREFORE, Defendants pray that:

18        1.    Plaintiff's Complaint be dismissed with prejudice;

19        2.    Defendants be awarded its attorneys' fees and costs of suit herein; and

20        3.    For such other and further relief as the Court deems proper.

21

22   Dated: December 28, 2006

23

24

25                          MATTHEW J. RUGGLES
                            LITTLER MENDELSON
26                          A Professional Corporation
                            Attorneys for Defendants
27                          MERCHANTS CARPET AND THOMAS
                            FIREK
28

LITTLER MENDELSON
A Professional Corporation
7520 Venture Oaks Way
Suite 390
Sacramento, CA 95833-4227
916 830 7200

Firmwide:81808709.1 050314.1003                    5.

ANSWER TO COMPLAINT BY DEFENDANTS MERCHANTS CARPET & THOMAS FIREK

## PROOF OF SERVICE BY MAIL

I am employed in Sacramento County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2520 Venture Oaks Way, Suite 390, Sacramento, California 95833.4227. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On December 28, 2006, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**ANSWER TO COMPLAINT BY DEFENDANTS MERCHANTS CARPET AND THOMAS FIREK**

in a sealed envelope, postage fully paid, addressed as follows:

Ignacio Hernandez, Esq.
Law Offices of Ignacio Hernandez
428 J Street, Suite 400
Sacramento, CA 95814

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 28, 2006, at Sacramento, California.

_____
Nene Sablan

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

Firmwide:81808709.1 050314.1003